## H. C. FERGUSON ET AL. v. J. A. MORRISON ET AL.

### Decided June 9, 1906.

**1.—Admission of Evidence—No Exception.**

Where it does not appear that a bill of exception was taken to the admission of evidence, an assignment of error based thereon will not be considered.

**2.—Assignment of Error—No Statement.**

An assignment of error that the court erred in its charge because contrary to the undisputed evidence, will not be considered when there is no statement of the evidence.

**3.—Same—Misquoting the Record.**

An assignment of error which misquotes the record will not be considered.

**4.—Charge—Emphasizing Issue.**

A charge that the burden was on the plaintiffs to establish by a preponderance of the evidence an issue alleged by them, did not unduly emphasize such issue.

Appeal from the District Court of Denton County. Tried below before Hon. D. E. Barrett.

*H. C. Ferguson* and *S. M. Brady,* for appellants.

*Robert Hopkins, John Church, S. H. Hoskins* and *J. T. Bottorf,* for appellees.

SPEER, Associate Justice.—This suit was brought in the District Court of Denton County by appellees to set aside a judgment of the District Court of that county rendered in 1874 in favor of J. A. Morrison against W. S. Trout, the appellees being for the most part heirs of said Trout, alleging that said judgment devested title out of said Trout and vested it in said Morrison to the survey of land in controversy, when said Trout was dead at the date of the rendition of such judgment. There was a prayer for the possession of the land. The defendants answered by general and special demurrers, plea of not guilty, general denial, special pleas and cross bill. All their demurrers, however, were overruled and there was a trial before a jury which resulted in a verdict and judgment for all the defendants, from which the plaintiffs have appealed.

The first assignment of error, complaining of the admission in evidence of the hearsay statement of James Collins, is not considered because no reference is anywhere made in the brief to a bill of exceptions taken to the admission of such evidence, and indeed, we have failed to find any in the record, although we have searched for it.

The second assignment of error complains that the court erred in the third paragraph of his charge to the effect that if the jury found the deed of W. S. Trout to James Collins to the land sued for, and which was offered in evidence by appellees as an outstanding title in said Collins, was intended as a mortgage, this would not entitle appellants to recover unless they should further find that the debt had been paid, because it was shown "by the undisputed evidence that said Collins did not claim title to said land under this instrument, and that he admitted to the plaintiffs that the land belonged to the heirs of W. S. Trout, maker of said instrument." This assignment, which is submitted as a proposition, is not followed by any statement whatever, and we are therefore unable to say whether the evidence upon this issue is undisputed, as appellants say it is. The assignment is not sufficient under the rules and it is therefore not considered.

The third and fourth assignments of error are grouped. The third complains of a charge which it does not correctly quote, and the fourth insists that by giving the fourth paragraph of his charge, to the effect that the burden is on the plaintiffs to show by a preponderance of the evidence that the conveyance from Trout to Collins was intended as a mortgage, the court unduly emphasized that issue in the case. But after carefully reading the entire charge, we are constrained to hold otherwise. There is no assignment of error requiring us to consider the correctness of the proposition of law involved and we do not pass upon it, but we do not think the charge is on the weight of the evidence by unduly emphasizing any feature of the case.

Finding no error in the judgment, we order that it be affirmed.

*Affirmed.*